W. W. WEST, plaintiff in error, *vs.* JOHN SANSOM *et al.* defendants in error.

An affidavit under the Act of 13th October, 1870, in a suit pending, that the plaintiff has paid all legal taxes on the debt, since he was the owner thereof, is a substantial compliance with the Act.

An Act denying all remedy on a contract would impair its obligation and be void. (R.)

Though, under the Relief Act of 1870, plaintiff's affidavit need go no further than that all legal taxes on the claim from *him* have been paid, yet, if it appear on the trial that all taxes due thereon since its making were not paid, plaintiff cannot recover. (R.)

Tax.   Relief Act of 1870.   Before Judge PARROTT. Whitfield Superior Court.   April Term, 1871.

In October, 1869, West sued Sansom *et al.* upon their note, made in 1860, payable to Rogers or' bearer. He made affidavit that he had paid all legal taxes chargeable by law thereon "since the note has been his." There was no averment when he bought it, the suit being in the Jack Jones' form. The Court dismissed the cause upon the ground that the Act of 1870 required him to swear that *all* taxes since the making of the note due on it had been paid. This is assigned as error.

JOHNSON & McCAMY, for plaintiff in error. Act of 1870 void because it impairs obligation of contracts. If not void, affidavit sufficient. Worrell *vs.* Adams, this term.

West *vs.* Sansom *et al.*

W. H. DABNEY; JESSE H. GLENN, for defendants.

McCAY, Judge.

1. To impose upon the plaintiff the duty of filing an affidavit that all legal taxes due on a debt have been paid, before the same ever came into his power, custody or control, is to put upon him a duty which it is almost impossible for him conscientiously to perform. It is, in effect, to deprive the true owner of the debt of all right of action upon it, since, in very few cases, is it possible for him to make the affidavit. We cannot think, therefore, it was the intent of the Legislature to go so far as this. And if it were, we should greatly doubt if so extreme a course was within its constitutional power.

2. It is well settled, by the United States Courts, that a law of a State, denying *all remedy* on a debt, is void. And the case put would seem to come within this rule.

3. If, upon the *trial*, it appears that the taxes *have not been paid*, we think, under the Act, the case would have to go, but that is matter for proof, and is a very different thing from forcing the plaintiff, on oath, to declare a matter about which he knows nothing. Transfers of debts, since the passage of the Act, may stand upon a different footing, since the parties now know what is before them, and they ought to see, before they buy, what is the truth. In furtherance of the object of the law, we should admit the evidence of any one, a previous owner, who knew the facts. We think, as the plaintiff has made affidavit that all legal taxes due by him on the debt have been paid, and it appearing, affirmatively, that he became the owner before the 13th of October, 1870, that he has substantially complied with the law.

Judgment reversed.