## 14031. DAVIS *v.* THE STATE.

LUKE, J. 1. Where one is convicted of a misdemeanor for which the punishment is prescribed by section 1065 of the Penal Code (1910) the judge may sentence him to pay a fine not to exceed $1,000 and to imprisonment not to exceed six months and to the chain-gang not to exceed twelve months, or may make the sentence in the alternative; and when the judge does this his discretion as to either is limited by that section of the Penal Code.

(*a*) Under section 1065 of the Penal Code, an alternative sentence can-

not prescribe punishment by imprisonment in the common jail for a term longer than six months. See *Hathcock* v. *State*, 88 *Ga.* 91 (13 S. E. 959).

2. Where the defendant, as in this case, has been convicted of a misdemeanor, and is sentenced as follows: "Whereupon it is considered and adjudged by the court that J. Q. Davis be confined in the common jail of Muscogee county for a period of twelve months, to be computed from date of delivery of said convict to said jail. It is further ordered that six months of said sentence of twelve months in jail may be discharged upon the payment of a fine of $500, and three months suspended until the further order of the court, the defendant J. Q. Davis serving the remaining three months in the common jail of Muscogee county," and he pays the fine of $500 so imposed, he has made full compliance with the only legal part of the sentence, and is entitled to his discharge.

(*a*) Where, as in this case, the defendant has been discharged upon his payment of the fine as aforesaid, the judge cannot, at a subsequent term of the court, have him brought into court and resentence him as follows: "Whereupon it is considered and adjudged by the court that J. Q. Davis be confined at hard labor on roads, streets, or other public works as the county or State authorities may employ the chaingang, for a period of six months, to be computed from the date of delivery of said convict to the chain-gang. It is further ordered that said convict be discharged immediately from said sentence and imprisonment upon the payment of a fine of $500. It is further ordered that after the execution of said sentence of six months on the chaingang or the discharge of said sentence by the payment of a fine of $500, it is considered and adjudged that the said J. Q. Davis be confined in the common jail of Muscogee county, Ga., for a period of six months, three months of said six months in jail to be suspended until the further order of this court, the defendant J. Q. Davis serving the remaining three months in the common jail of Muscogee county, Ga.

(*b*) The defendant having complied with the legal part of the sentence first imposed, it was error for the judge, at a subsequent term of the court, upon his own motion, to resentence the defendant. The defendant was entitled to his discharge, and it was error for the court to undertake to hold him under the last sentence pronounced.

　　　*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
　　　　　　　　DECIDED APRIL 12, 1923.

Motion to arrest judgment, etc.; from Muscogee superior court — Judge Munro. October 10; 1921.

*George C. Palmer, Frank D. Foley, Love & Fort,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.