## 65936. HAHN et al. v. THE STATE.

CARLEY, Judge.

On September 17, 1982, appellants entered pleas of nolo contendere to accusations charging them with the commission of a burglary on August 20, 1982. The trial judge who presided at the hearing impliedly accepted appellants' pleas. Sentencing was deferred, however, in order that the trial judge to whom the cases had actually been assigned might conduct the hearing on the issue of appellants' punishment. On November 22, 1982, the sentencing hearing was held. At the conclusion of the hearing, the trial court made the following oral pronouncement of sentence upon appellants: "I am going to impose a sentence of ten years and a thousand dollar fine, under The First Offender Act, upon service of six months in the Hall County Public Work Camp. The fine may be paid through the probation department. Additionally, each defendant shall perform a hundred hours of public service work each year while he is on probation . . . The First Offender Act has been changed, as of November the First, that allows the service of some time. I anticipate that the service won't be a very long time, possibly two months, maybe three at the most. That is the sentence of the Court."

After the pronouncement of the sentence, appellants sought to withdraw their pleas. The trial court refused to allow them to do so. Appellants then filed a timely notice of appeal from the judgments and the First Offender sentences.

The instant appeal raises important issues of first impression regarding the construction and application of OCGA § 42-8-60 (Code Ann. § 27-2727), which is the new First Offender Act, the resolution of which issues will have a general statewide significance affecting the underlying constitutionality of any and all sentences imposed under that statute's provisions after its effective date of November 1, 1982. Accordingly, this appeal was expedited in order that, as soon as possible, the entire bench and bar of this state might have the benefit of an appellate disposition of an issue of singular importance: When may a first offender sentence be constitutionally imposed pursuant to the provisions of present OCGA § 42-8-60 (Code Ann. § 27-2727)?

1. "Article I, § 10, of the United States Constitution prohibits a State from passing any 'ex post facto Law' . . . 'It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute . . . which makes more burdensome the punishment for a crime, after its commission . . . is prohibited as *ex post facto.*'" Dobbert v. Florida, 432 U. S. 282, 292 (97 SC 2290, 53 LE2d 344) (1977). "The Constitution forbids the application of any new punitive measure to a crime already consummated, to the

detriment or material disadvantage of the wrongdoer. [Cits.] It is for this reason that an increase in the possible penalty is *ex post facto,* [cits.]; regardless of the length of the sentence actually imposed, since the measure of punishment prescribed by the later statute is more severe than that of the earlier. [Cit.]" Lindsey v. Washington, 301 U. S. 397, 401 (57 SC 797, 81 LE 1182) (1937).

The trial judge, in pronouncing sentence upon appellants in the instant case, correctly stated that, effective November 1, 1982, there is statutory authorization to sentence a first offender "to a term of confinement as provided by law." Ga. L. 1982, p. 1807; OCGA § 42-8-60 (a) (2) (Code Ann. § 27-2727). Previous to November 1, 1982, the relevant statute had provided only that a first offender sentenced thereunder could be placed "on probation as provided by the Statewide Probation Act." Ga. L. 1968, pp. 324, 325; former OCGA § 42-8-60 (Code Ann. § 27-2727). The trial court erred, however, in sentencing appellants pursuant to existing OCGA § 42-8-60 (Code Ann. § 27-2727). Although that statute had become effective several weeks before appellants were sentenced thereunder, the only statute under which appellants could be constitutionally sentenced as first offenders was that which was in effect at the time the crime was actually committed on August 20, 1982. That statute, former OCGA § 42-8-60 (Code Ann. § 27-2727), made no provision whatsoever for sentencing a first offender to a term in confinement but, as noted above, provided only that a first offender sentenced thereunder could be placed on probation. It is this very change in the law allowing a first offender to be sentenced to a term in confinement which is the constitutional bar to its ex post facto use as the operative statute for sentencing appellants in the instant case as first offenders.

The change in the law concerning first offender sentencing effectuated by existing OCGA § 42-8-60 (Code Ann. § 27-2727) was clearly substantive, affecting the actual terms of the punishment imposable, rather than merely procedural, affecting only the mode in which punishment was to be imposed. It can hardly be argued that the 1982 First Offender statute, providing for the possible confinement of a first offender sentenced thereunder, does not prescribe the possibility of a "more severe" punishment than the former First Offender statute, providing as it did solely for the imposition of a term to be served on probation. A statutory change authorizing the imposition of incarceration as punishment, whereas former authorization was exclusively for a probated sentence, operates to appellants' "detriment in the sense that the standard of punishment [possible incarceration] adopted by the new statute is more onerous than that of the old . . . It is plainly to the substantial disadvantage of [appellants] to be deprived of all opportunity to

receive [only] a sentence which would give them freedom from custody and control prior to the expiration of [their sentences.]" Lindsey, 301 U. S. at 401-402, supra. Compare *Bowler v. State,* 145 Ga. App. 633 (244 SE2d 142) (1978) (holding that a statutory change from jury to judge sentencing without an increase in the severity of punishment prescribed is merely a change in the procedural "mode" of sentencing and may be constitutionally applied to crimes committed prior to its enactment). See also *Todd v. State,* 228 Ga. 746 (187 SE2d 831) (1972).

The situation in the instant case is not unlike that in *Winston v. State,* 186 Ga. 573, 575 (198 SE 667) (1938), in which a statutory change removing the mere possibility of the imposition of less severe terms of punishment and substituting therefor the possibility of a harsher sentence was held to be "ex post facto and inoperative as to the offense charged against the accused, in that, if enforced, it would operate to withdraw a substantial protection which surrounded him at the time of the commission of the alleged offense . . ." Existing OCGA § 42-8-60 (Code Ann. § 27-2727) removes the exclusivity of a sentence to be served on probation and freedom from incarceration for a first offender and substitutes therefor the possibility of a sentence to a term of confinement. This change is substantively "harsher" in an ex post facto sense, and is not merely procedural. " 'In general, "any law which was passed after the commission of the offense for which the party is being tried is an ex post facto law when it inflicts a greater punishment than the law annexed to the crime at the time it was committed. [Cits.]; or which alters the situation of the accused to his disadvantage . . ." [Cit.] . . .'[Cit.]" *Todd v. State,* supra, 751. It is certainly to the "disadvantage" of appellants to be sentenced to a term in confinement when, at the time their crime was committed, the only sentence imposable upon them as first offenders was probation.

It is of no consequence that appellants had no right generally to be sentenced as first offenders and that, had they not been, a sentence of up to twenty years in incarceration would have been imposable. See generally *Winget v. State,* 138 Ga. App. 433, 439 (13) (226 SE2d 608) (1976), overruled on other grounds, *Quick v. State,* 139 Ga. App. 440, 442 (4) (228 SE2d 592) (1976). The simple fact is that appellants have a right to be sentenced under a constitutionally appropriate statute (*Winston,* supra) and, if the trial court in its discretion determines that first offender sentencing is appropriate, his discretion in the matter does not extend to imposing a sentence outside the permissible ambit of the relevant and appropriate first offender statute. Cf. *Davis v. State,* 30 Ga. App. 183 (1) (117 SE 267) (1923). In determining whether the sentences which appellants in

fact received were excessive as being outside the limits authorized by law, obviously an appellate court must look to the statute under which the contested sentences were ostensibly imposed, not to an alternative statute under which another sentence altogether might have been imposable. Our determination is that appellants received an "excessive" first offender sentence, which was outside the permissible limits authorized by former OCGA § 42-8-60 (Code Ann. § 27-2727), the appropriate statute for sentencing appellants as first offenders.

While the 1982 enactment does not specifically provide that it applies only to crimes committed after its effective date of November 1, 1982, it is clear that a statute will not be construed to reach an unconstitutional result if any other reasonable and constitutional construction is possible. See generally *Atlantic Loan Co. v. Peterson,* 181 Ga. 266, 273-274 (182 SE 15) (1935). As discussed above, the imposition of a sentence on appellants pursuant to existing OCGA § 42-8-60 (Code Ann. § 27-2727) for a burglary committed prior to its effective date would have an unconstitutional ex post facto result. "It is the settled law of this State that where a crime is committed on a certain date, the penalty which attached to the crime on that date is the penalty exacted by our law ... [T]he *ex post facto* laws prohibited by the State and Federal Constitutions refer ... to laws which ... increase the punishment ... It was mandatory for the trial court to impose the sentence provided for by the law in force at the time of the commission of the crime." *Barton v. State,* 81 Ga. App. 810, 814 (60 SE2d 173) (1950). Accordingly, the 1982 statute is to be construed as having specific application only to crimes committed after November 1, 1982, and not as having general application to any first offender sentenced thereafter. Therefore, the trial court erred in sentencing appellants under a statute which was not in effect at the time of the commission of the offense to which they had entered pleas of nolo contendere. See generally *Searcy v. State,* 162 Ga. App. 695, 697 (2) (291 SE2d 557) (1982). The sentences are void and are reversed.

2. Resolution of the instant appeal for the reasons discussed above renders moot any other questions remaining with regard to the validity of the sentences imposed upon appellants. Since the sentences were utterly void as to appellants, it would be inappropriate in the context of the instant appeal to discuss whether, pursuant to the 1982 statute, there was sufficient "consent of the defendant[s]" in the instant case to the imposition of sentences thereunder or whether the use of the usually disjunctive "or" therein authorizes the imposition of both a term of confinement *and* probation as was done here. Those issues will be reached if and when they are raised in an appeal from a sentence validly imposed under

the 1982 enactment.

Also, we need not address whether it was error to refuse to allow appellants to withdraw their pleas because the trial judge who conducted the plea hearing apparently never formally accepted them. We would point out, however, that a nolo contendere plea may be withdrawn at any time before sentence is pronounced. *Marshall v. State,* 128 Ga. App. 413 (1) (197 SE2d 161) (1973). Since the sentences which were pronounced in the instant case were void and have been reversed, appellants at their election are at this time free to withdraw their pleas or to adhere to them. If appellants elect to adhere to their pleas of nolo contendere, we do not intimate in this opinion that they must thereafter be sentenced under the former First Offender Act. As we have held, appellants have no right generally to be sentenced as first offenders. Their only right is to be sentenced under the appropriate statute should the trial judge, in his discretion, choose to impose a first offender sentence. Having succeeded in obtaining a reversal of their sentences, appellants stand before the trial court with pleas of nolo contendere to the crime of burglary. They may withdraw those pleas before sentence is pronounced or, if they do not, receive any sentence which would be appropriate for the crime of burglary.

*Judgment reversed. Shulman, C. J., Quillian, P. J., and Sognier, J., concur. Deen, P. J., McMurray, P. J., and Birdsong, J., concur and concur specially. Banke and Pope, JJ., dissent.*

DECIDED MARCH 15, 1983 —
REHEARING DENIED MARCH 29, 1983.

*Howard T. Overby, Robert B. Thompson, John N. Crudup,* for appellants.

*Bruce L. Udolf, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, concurring fully with the majority and also concurring specially.

While associating with and fully subscribing to all that is said in the majority opinion, it should be further observed that *even if* the majority opinion is incorrect the case would have to be reversed, as the amendment to the statute under consideration provides for alternative options, that is, either probation or confinement. It is not clear that both may be simultaneously utilized under the First Offender Act.

As to the issue of lack of statutory consent to come under the First Offender Act, while technically there appears to be no written or

literal expression of this consent, there is substantial evidence and testimony appearing in the transcript amounting to sufficient affirmative efforts seeking to bring appellants under the spirit of the First Offender Act and not to be sentenced or judged under other general criminal statutes.

I am authorized to state that Presiding Judge McMurray and Judge Birdsong join in this special concurrence.

BANKE, Judge, dissenting in part and concurring in part.

1. While I concur with the majority's conclusion that the *sentences* are void, I respectfully dissent from the implied ruling that the *pleas* in this case are not also void. I further dissent from the holding that imposition of confinement in accordance with OCGA § 42-8-60 (Code Ann. § 27-2727) was forbidden by Art. I, Sec. X of the United States Constitution, since there are other factors which render the sentences invalid on non-constitutional grounds. Both logic and judicial propriety dictate that we should refrain from deciding cases on constitutional grounds where it is not necessary to do so.

2. OCGA § 42-8-60 (a) (Code Ann. § 27-2727), the first-offender statute, provides that the court "may without entering a judgment of guilt *and with the consent of the defendant:* (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) sentence the defendant to a term of confinement as provided by law." (Emphasis supplied.) The sentences in this case violate this statute in two respects, and this is true regardless of whether the statute was applied in a constitutional manner. First, the defendants did not consent to the sentences imposed. Second, the statute limits the possible sentences to either probation *or* confinement, and the sentences in this case included both confinement and probation.

3. As I have heretofore said, I do not think we should reach the constitutional issue addressed by the majority because on a retrial of this case, or any other like case, this issue will not arise again if the defendants are properly informed both of the sentence to be imposed, and of the terms of the First Offender Act, as required by OCGA § 42-8-61 (Code Ann. § 27-2729). However, since a majority of the court has agreed to pass on the constitutional issue, I wish to state my disagreement with the conclusion which they reach.

In deciding whether the retroactive operation of a law violates the constitutional rights of an individual, a determination must be made as to whether the new law is procedural or substantive. *Todd v. State,* 228 Ga. 746 (187 SE2d 831) (1972); *Eades v. State,* 232 Ga. 735 (208 SE2d 791) (1974). If it is substantive, it may not be applied *ex post facto.* If merely procedural, it can be applied retrospectively.

In this case, the defendants were charged with burglary. The elements of the offense did not change, nor did the possible sentence, which is 1-20 years. Thus, no substantive right was taken away from the defendants by the new statute. The only change involved is a change in the manner in which first-offender treatment may be imposed. Imposition of punishment under the First Offender Act has always been, and continues to be, discretionary with the sentencing judge, and it can be done only with the defendant's knowing consent. It necessarily follows that if a defendant consents to be sentenced under the First Offender Act, he is not in a position to complain when a first-offender sentence is in fact imposed.

4. The defendants contend that the court erred in accepting their pleas of *nolo contendere* without first determining that the same were voluntarily and understandingly entered. OCGA § 17-7-95 (Code Ann. § 27-1408 et seq.) provides that a plea of *nolo contendere* may be entered with the consent and approval of the judge. The plea transcript in this case indicates the pleas of *nolo contendere* were acceptable to the state, whose approval is not required by law, but it does not affirmatively show the consent and approval of the judge, nor does an examination of the accusation reveal such acceptance. Therefore, regardless of whether or not the pleas were voluntarily and understandingly entered, I must conclude that they were never lawfully accepted.

5. There is a second problem with the pleas. Typewritten on the accusation and appearing below the district attorney's statement that the defendants have pled *nolo contendere* are the words: "Defendants waive indictment and consent in writing to enter a plea of guilty to the within accusation." Underneath this statement are the signatures of the defendants and their attorneys. This would indicate that unrestricted guilty pleas were entered or at least offered. Since these pleas are inconsistent with the proceedings that followed, they render the entire plea procedure vague, unclear, and inconsistent. Accordingly, the pleas should be declared void.

6. For the above reasons, I believe both the pleas and sentences should be set aside and the case remanded for a new adjudication of guilt.

I am authorized to state that Judge Pope joins me in this dissent.