41514. McKNIGHT v. BOGGS.
(322 SE2d 283)

WELTNER, Justice.

This is an appeal from an order of the Glynn County Superior Court declaring unconstitutional OCGA § 53-3-13, which requires that notice to probate a will in solemn form be given only to heirs-at-

law.

On July 10, 1981, Will Hilton executed a will naming Boggs as executrix and sole beneficiary. A year later, he executed a second will naming his nephew (McKnight) as executor and his sister as beneficiary. After Hilton's death, Boggs filed a petition to probate the first will in common form, which was granted. Six days later, McKnight filed a petition to probate the second will in solemn form, and gave notice to the heirs, pursuant to OCGA § 53-3-13. The probate court ordered the second will probated. Boggs filed a motion in probate court to set aside the order probating the second will on the ground that she was not given notice. She also filed a caveat to the will.

The superior court held the statute unconstitutional, granted Boggs' motion for summary judgment, and remanded the case to the probate court for a determination of which of the two wills is the true last will and testament of Hilton.

1. An inchoate interest in real property "as a devisee under [a] will is a legally protected interest." *Allan v. Allan,* 236 Ga. 199, 202 (223 SE2d 445) (1976). Under Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (70 SC 652, 94 LE 865) (1950), it is clear that due process prohibits deprivation of property without notice and an opportunity to be heard.

Boggs had a protected interest as a legatee of a will previously filed for probate. She was given no notice of McKnight's petition, although there is evidence that McKnight was aware of the prior proceedings and knew that her interest could be affected adversely by probate of the second will.

We declare that OCGA § 53-3-13 violates our due process requirement insofar as it fails to require that notice be given to propounders and beneficiaries of another purported will of the decedent which has been filed previously for probate within the same county.

The order of the trial court declaring the statute unconstitutional and remanding the case to the probate court is affirmed.

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 16, 1984.

*George M. Rountree,* for appellant.
*Robert P. Killian,* for appellee.