S90A1226, S91A0171. GARNER v. HARRISON (two cases).

(400 SE2d 925)

CLARKE, Chief Justice.

This case concerns two wills executed by Gordie James Yancey. The Probate Court admitted a 1986 will to record. Maria H. Garner, the appellant here, contends a 1981 will should survive as the true will and testament of Mr. Yancey. A stepdaughter of the testator, Ms. Garner is a beneficiary under the 1981 will, but not under the 1986 will.

Ms. Garner filed two appeals. Case No. S90A1226 contests two orders of the probate court: (1) the dismissal of her caveat to the 1986 will; and (2) the dismissal of her appeal of the probate court's order admitting that will to record. The second appeal, Case No. S91A0171, is from the probate court's September 28, 1990 order denying appellant's petition to set aside the order admitting the 1986 will to probate. We consolidated the appeals.

The undisputed chronology is as follows:

| | | |
|---|---|---|
| January 4, 1990 | — | The testator died. |
| January 24, 1990 | — | Appellee propounded the 1986 will in the probate court. He gave no notice to the appellant because she is not an heir at law. |
| February 5, 1990 | — | The 1981 will was filed for probate. |
| February 8, 1990 | — | The court probated the 1986 will in solemn form. |
| February 14, 1990 | — | The court dismissed the petition to probate the 1981 will. That order remains unappealed. |
| February 22, 1990 | — | Appellant moved to set aside the probate of the 1986 will. |
| March 12, 1990 | — | Appellant filed a caveat to the 1986 will. |
| May 9, 1990 | — | The probate court dismissed the caveat to the 1986 will as untimely and further held that appellant had no entitlement to notice because she was not an heir at law and the 1981 will in which she was named as a beneficiary was filed *after* the petition to probate the 1986 will. |
| September 28, 1990 | — | The probate court entered an order denying appellant's petition to set aside the order admitting the 1986 will to probate. |

1. Appellee argues that the February 14, 1990 order dismissing the petition to probate the 1981 will is res judicata as to Ms. Garner because she did not appeal from that order. This argument is without merit. Appellant was not a party to the proceeding brought by the executrix of the 1981 will which ultimately resulted in the dismissal of the petition to probate the 1981 will. Therefore, res judicata cannot

apply to her. Moreover, the probate court's dismissing the petition to probate the 1981 will was predicated upon admitting the 1986 will, which revoked all former wills, for probate. We also note that the dismissal of the petition to probate the 1981 will only meant that a petition could not be entertained while the 1986 will stood undisturbed under a court order. This means, of course, that a previously probated will must be attacked before the court can consider the validity of another will, the execution of which predates the probated will. See *Adams v. First Methodist Episcopal Church*, 251 Ill. 268 (96 NE 253) (1911), in which the court found that denial of probate of an earlier will because of the existence of a later will was not conclusive where the later will was set aside.

Appellee also argues that appellant lacks standing to seek to set aside the order admitting the 1986 will to probate because of her failure to appeal the order of the probate court dismissing the petition to probate the 1981 will. Her standing to raise the issue of notice as to proceedings involving the 1986 will is not related to the dismissal of the petition to probate the 1981 will. As noted above, appellant was not a party to any proceeding which resulted in the dismissal of the petition to probate the 1981 will.

2. The issue in this case is whether appellant, testator's stepdaughter and beneficiary under the 1981 will, but not the 1986 will, was entitled to notice of the petition of appellee (executor) to probate the 1986 will.

In *McKnight v. Boggs*, 253 Ga. 537, 538 (322 SE2d 283) (1984), we held that

> An inchoate interest in real property "as a devisee under [a] will is a legally protected interest." *Allan v. Allan*, 236 Ga. 199, 202 (223 SE2d 445) (1976). Under Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (70 SC 652, 94 LE 865) (1950), it is clear that due process prohibits deprivation of property without notice and an opportunity to be heard.

In *McKnight v. Boggs* we held that former OCGA § 53-3-13 was unconstitutional because it did not require notice to propounders and beneficiaries of another will previously filed for probate in the same county.

We are asked to construe OCGA § 53-3-13 as amended following *McKnight v. Boggs*. Subsection (d) provides:

> Notice shall be served on propounders and beneficiaries under any other purported will of the testator with respect to which a petition to probate is pending in this state in the same manner as provided by law for service on heirs at law.

Interpreting an Oklahoma nonclaim statute which dealt with the time for creditors' claims against an estate, the U. S. Supreme Court in *Tulsa Professional Collection Services v. Pope*, 485 U. S. 478, 491 (108 SC 1340, 99 LE2d 565) (1987), elaborated upon the due process requirement of actual notice established in *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S., supra, and *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791 (103 SC 2706, 77 LE2d 180) (1983). The holding of *Tulsa Professional Collection Services* is that since a creditor is a person whose interests the operation of the statute would "adversely affect," that creditor must be given notice by mail or other means to ensure actual notice if his identity is "reasonably ascertainable." This holding expanded the holding of *Mullane*, supra, that where state action is involved in a proceeding affecting property which will be accorded finality, due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U. S. at 314. Under *Mennonite*, supra, this notice must be actual notice where the names of parties with legally protected property interests are reasonably ascertainable. 402 U. S. at 795-800.

The seminal cases regarding notice make it clear that where state action may affect a legally protected interest, persons whose names are reasonably ascertainable must receive actual notice of that action. We have held that the inchoate property interest of a devisee under a will is a legally protected interest. *Allan v. Allan*, 236 Ga. 199 (223 SE2d 445) (1976). The names of beneficiaries under wills filed with the probate court are reasonably ascertainable by the court or by the proponents of other wills of the testator filed in the same county.

It is a fundamental principle of statutory construction that if possible a statute will be construed in such a way as to find it constitutional. *Hahn v. State*, 166 Ga. App. 71 (303 SE2d 299) (1983). To construe OCGA § 53-3-13 as constitutional, we hold that the statute requires the propounder of any will to give notice to the propounders and beneficiaries of any other wills of the testator offered for probate in the same county. This duty of notice does not end on the date of the filing of the first will for probate. It is a duty which continues until a will is admitted to probate.

Therefore, in Case No. S91A0171, we reverse the September 28, 1990 order of the Probate Court of Gwinnett County denying the motion to set aside the order admitting the 1986 will to probate. The case is remanded for further action in light of this opinion. Our decision in Case No. S91A0171 renders moot the appeal in Case No. S90A1226 from orders of the probate court dismissing as untimely appellant's appeal from the order probating the 1986 will and her caveat to the 1986 will.

*Judgment in Case No. S91A0171 reversed and remanded. Appeal in Case No. S90A1226 dismissed as moot. All the Justices concur.*

DECIDED FEBRUARY 28, 1991.

*King & Spalding, A. Felton Jenkins, Jr., J. Warren Ott, Webb, Tanner & Powell, William G. Tanner,* for appellant.
*Pruitt & Britt, Glyndon C. Pruitt, Cheeley & Chandler, Joseph E. Cheeley, Jr., Joseph E. Cheeley III, Richard B. Chandler, Jr.,* for appellee.