S10A1052. RAY v. STEWART et al.
(700 SE2d 367)

THOMPSON, Justice.

In 1989, appellee Opal Ray Stewart was appointed as conservator for her incapacitated adult father, Willie Lee Ray, Sr., after he received catastrophic injuries in an automobile accident. Ray, Sr., died testate in December 2006; his Last Will and Testament was probated in solemn form and pursuant to its terms, Stewart was named as executrix.

In December 2007, Stewart filed a petition for a final settlement of accounts and for discharge from office and liability as conservator, acknowledging that all required inventories and returns had been filed with the court, and all assets of the conservatorship had been transferred to the estate of the deceased ward. The probate court issued a citation and served it on the conservator's surety, appellee State Farm Fire and Casualty Company (State Farm). Notice was published in the county newspaper as required by OCGA § 29-5-80 (a), and because Stewart was also the ward's personal representative, a guardian ad litem was appointed to represent the ward under OCGA § 29-5-81 (b). The guardian ad litem reviewed the final return, found it to be in order, and consented to the discharge. After determining that Stewart had fully discharged her duties as conservator, and having received no objections, the probate court entered an order discharging her from office and liability in February 2008.

Nineteen months later, appellant Brenda Ray, another daughter of the deceased ward and a potential beneficiary under his will,[1] filed a motion to set aside the judgment under OCGA § 9-11-60. In essence, Ray claimed that OCGA §§ 29-5-80 (a) and 29-5-81 (b), which govern the settlement of a ward's estate and termination of a conservatorship, violate due process because interested parties, such as she, are not given actual notice of the proceedings. Both Stewart and State Farm (appellees herein) filed responses in opposition to the motion. Following an evidentiary hearing, the probate court found that "Ray has no property interest, whether inchoate or vested, in the conservatorship," and on that basis, the court declared the

---

[1] The will identified the decedent's eight adult children (including appellant) and made specific bequests to them of all household furnishings and monetary assets owned by decedent at the time of his death, to be distributed to them per stirpes by the executrix in a manner she determines to be fair and reasonable. The residue of the estate was to be distributed to the eight children in a similar fashion.

statutes to be constitutional on federal and state due process grounds.[2] In so ruling, the court denied the motion to set aside. Ray appeals from that order as well as from a subsequent order granting State Farm's motion to supplement the record on appeal. Finding no error, we affirm.

1. Appellant claims that as a potential beneficiary of the decedent's estate, she was not afforded constitutional due process because she did not receive actual notice of the conservator's settlement and discharge proceedings.

As conservator, Stewart was appointed as a fiduciary to act in the best interest of her adult ward. OCGA § 29-5-22 (a). She was required to administer the property of the ward in accordance with OCGA § 29-5-30. Under OCGA § 29-5-72 (e), the conservatorship is automatically terminated upon the death of the ward, but a conservator is still required to petition the court for letters of discharge from office. OCGA § 29-5-80 (a) governs that proceeding. It specifies that constructive notice must be "published one time in the newspaper in which sheriff's advertisements are published in the county in which the petition is filed." It further states that any objections must be made in writing, and it sets forth the time for filing such objections. Id. If no objection is filed, or if the court determines over objection that the dismissal of a conservator is appropriate, an order shall issue dismissing the conservator from office. OCGA § 29-5-80 (b).

OCGA § 29-5-81 (b) addresses which persons or entities are entitled to receive actual notice of a final settlement of the conservator's accounts and discharge from liability, as follows:

> A conservator, a former conservator, the conservator of a conservator, or the personal representative of a deceased conservator shall be allowed to cite the ward, the ward's personal representative, or a successor conservator to appear and be present at a final settlement of the conservator's accounts and discharge from liability in the manner provided in this Code section. . . . Notice by first-class mail of the settlement proceeding must be given to the surety on the conservator's bond and to the ward's guardian, if any. If the ward has not been restored to capacity or if the conservator is the ward's personal representative, the court

---

[2] Although the trial court construed Ray's due process challenge to apply to both OCGA §§ 29-5-80 (a) and 29-5-81 (b), on appeal Ray appears to focus her claim exclusively on the latter statute. Because the statutes must be read in pari materia, we will review the trial court's ruling as it pertains to both.

shall appoint a guardian ad litem for the ward who shall be served personally.

As Stewart was both the conservator and the ward's personal representative under the terms of the will, the court followed the statutory requirements by appointing a guardian ad litem who received personal service of the discharge proceedings. Id.

Ray does not dispute that the provisions of OCGA § 29-5-81 (b) were followed in this case. She claims, however, that as a potential beneficiary of the deceased ward's estate, she has a legally protected interest in the conservator's settlement and discharge proceedings, and that OCGA § 29-5-81 (b) does not afford her due process because it does not require actual notice to those in her position. In support of her claim, Ray relies on *McKnight v. Boggs*, 253 Ga. 537 (1) (322 SE2d 283) (1984), in which this Court held that a legatee of a will previously filed for probate has a legally protected interest in probate proceedings relating to a subsequent will which could have the effect of divesting her of that property. The Court thus declared unconstitutional on due process grounds a statute which required that notice to probate a will in solemn form be given only to heirs-at-law and not to propounders and beneficiaries of another purported will of the decedent. While under *McKnight*, Ray has a legally protected interest in the property of her father's estate as a potential legatee under his will, she does not have such an interest in the termination of the conservatorship proceedings. The assets of the conservatorship are protected by the guardian ad litem for the ward.[3]

Nor does *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306 (70 SC 652, 94 LE 865) (1950) compel a contrary result. In that case, the United States Supreme Court declared unconstitutional on Fourteenth Amendment due process grounds, that portion of a New York state banking law which allowed notice by publication of a judicial settlement of accounts to known beneficiaries whose substantial property rights were affected by the proceedings. As the Court noted, "[i]t would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts." Id. 399 U. S. at 315. The Court, however, distinguished between those individuals whose property rights are directly implicated by the proceedings, and those, as in this case, who hold potential future interests: "Nor do we consider it unreasonable for the State to dispense with more certain notice to those beneficiaries whose interests are either conjectural or

---

[3] We further note that the conservatorship lasted from 1989 until 2008, and we see no indication in the record that Ray or any other legatees under her father's will challenged the accuracy of any of the returns filed by Stewart during that period.

future . . . although they could be discovered upon investigation." Id. 399 U. S. at 317. This Court has summarized the holding in *Mullane*, as follows: " 'The general rule that emerges from the *Mullane* case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose *legally protected interests are directly affected by the proceedings in question.*' [Cit.]" (Emphasis supplied.) *Allan v. Allan*, 236 Ga. 199, 203 (223 SE2d 445) (1976). Unlike the beneficiaries in *Mullane* who stood to be deprived of substantial property rights in proceedings for which they did not receive actual notice, Ray is neither "directly affected" nor does she have a "legally protected interest" in the discharge proceedings. Compare *Allan*, supra (publication is a constitutionally impermissible method of notifying a devisee of real property of the pendency of an action which had the effect of terminating devisee's legally protected interest in that property); *Garner v. Harrison*, 260 Ga. 866, 869 (2) (400 SE2d 925) (1991) (because the inchoate property interest of a devisee under a will is a legally protected interest, OCGA § 53-3-13 "requires the propounder of any will to give notice to the propounders and beneficiaries of any other wills of the testator offered for probate in the same county"). Accordingly, we hold that constructive notice by publication as encompassed in OCGA §§ 29-5-80 (a) and 29-5-81 (b) does not deny one in Ray's position due process of law under the federal or Georgia Constitutions.

2. We further reject Ray's claim that Stewart as the executrix of the decedent's estate had a conflict of interest and was not legally available to respond to the discharge petition. OCGA § 29-5-81 (b) resolves any potential conflict of interest where the same person serves as conservator and executrix by requiring the appointment of a guardian ad litem to represent the deceased adult ward and to protect the ward's property rights. As noted previously, the guardian ad litem in this case fulfilled his responsibilities by reviewing and approving the final return.

3. In light of the foregoing discussion, the probate court did not err in denying Ray's motion to set aside the judgment of discharge for lack of personal jurisdiction under OCGA § 9-11-60 (d) (1), or due to a nonamendable defect on the face of the pleadings under OCGA § 9-11-60 (d) (3).

4. The probate court properly exercised its discretion in granting State Farm's motion to supplement the record on appeal. See OCGA § 5-6-41 (f); *Jones v. Spindel*, 239 Ga. 68 (2) (235 SE2d 486) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Caldwell & Watson, Floyd E. Propst III, Harry W. MacDougald, Jeremy M. Moeser, John S. Olczak,* for appellant.

*Bovis, Kyle & Burch, Timothy J. Burson, William F. Rucker,* for appellee.