**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 20, 2024**

# In the Court of Appeals of Georgia

A23A1397. IN RE BESSIE MAE BLAKE.

MARKLE, Judge.

After Bessie Mae Blake passed away, Denise Brown, Bessie Mae's daughter, brought an action for settling of accounts against Willis Blake, Bessie Mae's son, to determine how Blake had spent Bessie Mae's money while he was acting as her conservator. The probate court concluded that Blake breached his fiduciary duties by failing to keep accurate records and file annual reports with the court; commingled assets belonging to Bessie Mae with his own funds; improperly used money from a legal settlement to pay the costs of Bessie Mae's funeral; and improperly paid attorney fees from the settlement. Accordingly, the probate court ordered Blake to reimburse Bessie Mae's estate. Blake now appeals, arguing that the probate court erred by (1)

finding he breached his fiduciary duties; (2) sanctioning him for using Bessie Mae's settlement funds to pay for the funeral; (3) failing to notify all heirs of the proceedings, appoint a guardian-ad-litem and temporary administrator for the estate, and order mediation; and (4) finding that payment of attorney fees was improper.[1] Because we conclude that the probate court was required to determine who was Bessie Mae's personal representative and whether it was necessary to appoint a guardian-ad-litem before proceeding with the settlement of accounts, we must vacate the probate court's order, and remand the case for further proceedings.

> Because the trial court sits as the trier of fact when settling a conservator's accounts, its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. When the evidence is uncontroverted and no question of witness credibility is presented, however, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citation and footnote omitted.) *In the Interest of Hudson*, 300 Ga. App. 340 (685 SE2d 323) (2009).

---

[1] The Chatham County Probate Court's order is directly appealable to this Court. See OCGA §§ 15-9-120 (2); 15-9-123 (a).

The facts of this case are generally undisputed. In 2000, Brown filed a petition for appointment of a conservator for Bessie Mae, and the probate court appointed Blake.[2] Blake agreed to serve, and he signed both the oath and the instructions, which informed him that he must (1) keep Bessie Mae's money separate from his own; (2) open a separate bank account; and (3) file an annual return with the court detailing how Bessie Mae's money was spent. Despite these instructions, Blake did not open a separate account and instead deposited Bessie Mae's monthly social security check into his own account to pay for Bessie Mae's nursing home. He also failed to file annual returns in the probate court.

In 2014, after it appeared that Bessie Mae was being neglected in the nursing home, Blake and the nursing home reached a settlement in which Bessie Mae would receive $42,250. Blake filed a petition to compromise doubtful claim, seeking court approval of the settlement. The petition set out the disbursement of the funds, with

---

[2] At the time Blake was appointed, the terminology was guardianship of the person and of the property. Under the current code, the term "guardian" replaces guardianship of the person, and "conservator" replaces guardianship of property. See OCGA § 29-5-1 (2004); *In re Longino*, 281 Ga. App. 599, n. 1 (636 SE2d 683) (2006). Here, Blake was appointed to serve as both the guardian of the person and of the property, and we will refer to Blake as conservator for purposes of this appeal.

40 percent paid to the attorney, and a net payment of $16,408.73 to Bessie Mae. Ultimately, the probate court approved the settlement. Blake took his commissions and paid attorney fees out of the settlement amount.[3] The attorney held the remaining money from the settlement in his trust account. Bessie Mae died in 2017, and Blake instructed the attorney to use the remaining funds from the settlement to pay for the funeral.[4]

In 2020, Brown filed the instant petition for settlement of accounts, seeking information on Bessie Mae's assets.[5] See OCGA § 29-5-81. The probate court ordered Blake to appear and give a complete accounting, including documentation such as receipts and checks. Thereafter, Blake filed in probate court annual returns for the years of 2000 through 2017. Blake's attorney also filed a report of disbursements from the settlement.

---

[3] As the conservator, Blake was entitled to to take a commission for his services. See OCGA § 29-5-50 (a).

[4] Bessie Mae's death terminated the conservatorship except with regard to a final settlement of accounts. OCGA § 29-5-72 (e).

[5] Although Brown had four other siblings in addition to Blake, it appears that only Brown filed the petition.

The probate court then instructed Blake to submit documentation of commissions he received following the settlement, as well as payment of attorney fees and expenses, and an invoice detailing the expenses from Bessie Mae's funeral. In response, Blake advised that he did not have a bank account in Bessie Mae's name, and he was unable to locate most of his receipts or banking statements for his own account. He did submit invoices from the funeral home and his attorney, as well as checks showing payment of fees and expenses, all of which were paid from the settlement funds in the attorney's trust account.

During the subsequent hearings, Blake testified that he did not set up a separate account for Bessie Mae's money because her only source of income was her social security check, which was sent directly to him as the payee, and that a person in the court clerk's office told him he did not need to submit an annual report every year.[6] He urged the probate court to find that all of his mistakes were harmless.

The probate court found that Blake breached his fiduciary duties by commingling assets, failing to keep accurate financial records, and failing to file annual returns until after the litigation began. The court also found that Blake did not seek

---

[6] Blake contends that he filed reports for the first few years, but the only returns in the record were all filed in 2020.

court approval before claiming certain commissions from the settlement funds or before the attorney disbursed funds for fees and expenses, and that he was not authorized to pay funeral expenses out of the settlement funds because the conservatorship ended upon Bessie Mae's death. Accordingly, the probate court found Blake liable to Bessie Mae's estate in the amount of $23,656.28, which consisted of repayment of the funeral expenses, attorney fees, and commissions. The probate court noted that a personal representative or administrator would need to be appointed for the estate. Blake now appeals.

1. Blake argues that the probate court failed to follow the statutory rules for settlement of accounts because it did not (a) notify any of the other heirs, (b) appoint a guardian-ad-litem for Bessie Mae, or (c) appoint a temporary administrator for the estate. He further contends the probate court should have ordered mediation. On this record, we are constrained to conclude that the probate court was required to first determine who acted as Bessie Mae's personal representative and whether the court was required to appoint a guardian-ad-litem before proceeding with the accounting.

As an "interested person," Brown had the right to petition the probate court for an accounting. OCGA § 29-5-81 (a). Under OCGA § 29-5-81 (b),

[a] conservator, a former conservator, the conservator of a conservator, or the personal representative of a deceased conservator shall be allowed to cite the ward, the ward's personal representative, or a successor conservator to appear and be present at a final settlement of the conservator's accounts and discharge from liability in the manner provided in this Code section. The settlement period shall begin with the period of time from the commencement of the conservatorship or the end of the period covered by the last interim settlement of accounts. Notice by first-class mail of the settlement proceeding must be given to the surety on the conservator's bond and to the ward's guardian, if any. *If the ward has not been restored to capacity or if the conservator is the ward's personal representative, the court shall appoint a guardian ad litem for the ward who shall be served personally.*

(Emphasis supplied.) The Code defines "personal representative" as "an executor, administrator, successor, personal representative, or the duly qualified and acting personal representative of the *estate* of a decedent." (Emphasis supplied.) OCGA § 29-1-1 (15).

Blake served as both guardian of the person and the conservator, but nothing in the record indicates that he was named as the executor of the estate or otherwise identifies him as Bessie Mae's personal representative. And Blake admitted that Bessie Mae's estate has not been probated and no representative has been appointed.

7

Compare *Ray v. Stewart*, 287 Ga. 789, 791 (1) (700 SE2d 367) (2010) (as the terms of will identified the conservator as ward's personal representative, probate court appointed a guardian-ad-litem for settlement proceedings). By using the term "shall" in OCGA § 29-5-81 (b), the statute requires the probate court to appoint a guardian-ad-litem in cases in which the ward remains incapacitated or where the conservator is also the ward's personal representative. OCGA § 29-5-81 (b); *Baylis v. Daryani*, 294 Ga. App. 729, 730 (1) (669 SE2d 674) (2008) ("The general rule is that 'shall' is recognized as a command, and is mandatory."). As a result, the probate court was tasked with determining who was Bessie Mae's personal representative before proceeding with the settlement and whether it was required to appoint a guardian-ad-litem. Because it did not do so, we must vacate the probate court's order and remand for further proceedings.[7] See *In re Mamie Ruth Krauss*, 360 Ga. App. XXVI, at 15-16 (3) (2021) (unpublished);[8] compare OCGA § 29-5-

---

[7] The probate court had appointed a guardian-ad-litem in connection with the petition to compromise claim, but even if that order remained in effect, there is no evidence that the guardian-ad-litem was served with notice of the accounting hearing.

[8] Brown's attempt to distinguish this case is unavailing. In *In re Mamie Ruth Krauss*, the probate court found the original conservator, who was also the ward's personal representative, had breached his fiduciary duties. Accordingly, the probate court revoked the conservatorship, appointed a successor conservator, and ordered

72 (a) (in connection with termination of the conservatorship, probate court must appoint legal counsel and may appoint guardian-ad-litem); cf. *Luther v. Luther*, 289 Ga. App. 428, 432-433 (2) (b) (657 SE2d 574) (2008) (in case involving enforcement of a health care power of attorney, finding no abuse of discretion for failing to appoint guardian-ad-litem under OCGA § 9-11-17 (c) where the ward's interests were otherwise adequately represented).

Nevertheless, the probate court was not required to notify the other heirs of the settlement proceeding. See *Ray*, 287 Ga. at 790-791 (1); see also OCGA § 29-5-81 (b). Nor has Blake pointed to any legal requirement that the court order mediation, or appoint legal counsel during a final settlement proceeding.[9] As a result, we cannot say the probate court erred in this regard.

---

the original conservator to turn over the assets. Although we concluded that the probate court had authority to take these steps, we found it necessary to vacate the probate court's order and remand the case because the probate court did not appoint a guardian-ad-litem before holding the settlement proceedings, as required under OCGA § 29-5-81 (b). Thus, although the underlying facts of that case are different, both cases involve the probate court's duties during a settlement of accounts, and the requirements under § 29-5-81 (b) apply equally here.

[9] Blake also argues that the probate court failed to appoint a temporary administrator. Because we conclude that the probate court must make a threshold determination regarding the identity of Bessie Mae's personal representative, we leave it to the probate court to determine if a temporary administrator should be appointed.

2. Because we conclude that we must remand this case to the probate court to determine Bessie Mae's personal representative and whether appointment of a guardian-ad-litem is necessary, the probate court's order is premature, and we do not address Blake's other claims of error.

*Judgment vacated and case remanded. Doyle, P. J., and Gobeil, J., concur.*