WILLIAM GIBSON, (a person of color,) plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1] Crimes are punishable by the laws in existence at the time of their commission.
[2] A person of color is not indictable in the Superior Court for larceny from the house committed prior to the Act of 17th March, 1866. *Pamph. Acts p.* 289.

Motion to Quash Indictment. In Upson Superior Court. Decided by Judge SPEER. November Term, 1866.

The plaintiff in error was indicted in the Superior Court, at November Term, 1866, for the offence of Larceny from the House, alleged to have been committed on the 3d day of

February, 1866. His counsel moved to quash the indictment, on the ground, that at the time alleged, persons of color were triable, for the offence charged, before Justices of the Peace, and not before or by the Superior Courts.

The Court overruled the motion, and that is alleged as error.

CABANISS & PEEPLES, for plaintiff in error.

HAMMOND, (Solicitor General,) for the State.

WALKER, J.

[1] By the *Code, Sec.* 4550, "All crimes and offences committed shall be prosecuted and punished under the laws in force at the time of the commission of such crime or offence, notwithstanding the repeal of such laws before such trial takes place."

[2] The offence in this case was charged to have been committed on the third day of February, 1866. At that time the tribunal which had jurisdiction of this case was composed of "three or more Justices of the Peace of the county where the offence was committed." *Code, Sec.* 4724 ; with the right of either party to carry the decision before the Superior Court by *certiorari*. *Sec.* 4727. The punishment on conviction of larceny is to be in the discretion of the Court before which the trial is had. *Sec.* 4714 and 4718. By the Act of 17th of March, 1866, *Pamph. Acts p.* 239, persons of color "shall not be subjected to any other, or different punishment, pain or penalty for the commission of any Act or offence than such as are prescribed for white persons committing like acts or offences." The effect of this statute is to make persons of color equal before the law with white persons, and liable to the same penalties for crimes ; but such was not the case prior to the passage of this act. At the time of the commission of this offence, there was no law which authorized the confinement of the plaintiff in error in the penitentiary for the crime of larceny from the house.

The indictment showed that the charge of larceny from the house, was made against a person of color, committed on the 3d of February, 1866, and consequently showed all the facts necessary to oust the Superior Court of jurisdiction of the case, and therefore the Court should have sustained the motion to quash the indictment.

Judgment reversed.