ANDREW JORDAN, plaintiff in error, *vs*. THE STATE OF
GEORGIA, defendant in error.

1. The penalty for the crime of Burglary was changed by the Legislature
   between the commission of the crime by the defendant in this case
   and the time of his trial: *Held*, under section 4570 of the Revised
   Code, that the defendant was properly prosecuted and punished under
   the laws of force at the time the crime was committed.
2. The evidence in this case was sufficient to maintain the verdict of the
   jury.

Burglary. Motion for new trial. Before Judge WORRILL.
Muscogee Superior Court. November Term, 1868.

The indictment charged Jordan with having broken into
the store-house of Clements & Tillman, during the night of
the 10th of September, 1868, with intent to steal therefrom
the goods therein kept. He was arraigned for trial in De-
cember, 1868. Jordan's counsel moved to quash the indict-
ment upon the grounds that by the Act of the 5th of October,
1868, "the law of burglary in the night had been changed."
The position was, that he could not be tried under the law
of force on the 10th of September, 1868, because it was re-
pealed, and could not be tried under the new law because it,
as to this case, was *ex post facto*. The Court overruled the
motion.

The evidence showed, that during the night of the 10th
of October, 1868, said store-house was broken open by pri-
zing open the cellar door and then prizing up planks nailed
over an opening in the floor; that some hams, bacon, sugar
and sacks were taken from it.

The evidence to fix it upon Jordan was as follows: Light
tracks of an hand-cart approaching the store and heavier
tracks of it going from the store were found. The tracks
were traced to the house of one Swift, who owned such a
cart. There information was had that Jordan, on the night
before, about three o'clock, came and borrowed the cart, say-
ing he wished to carry home one who had been shot. The
tracks were then traced to Jordan's house and there the cart
was found behind the smoke-house, with salt and grease on

it, and in Jordan's rooms, and in another, of which Jordan's wife had the key, said articles were found concealed, and had the names and marks of Clements & Tillman on them. It was shown that four or five persons came there a few hours before day, on said night, with said cart, and that the person shot was shot about midnight and carried off in an express wagon.

The jury found Jordan guilty, recommending that he be imprisoned in the penitentiary for life, at hard labor. His counsel moved for a new trial upon the grounds, that the Court erred in refusing to quash the indictment, and because the verdict was contrary to the evidence. The refusal of a new trial is assigned as error on said grounds.

RAMSEY & RAMSEY, WILLIAMS & THORNTON, for plaintiff in error.

CAREY J. THORNTON, Solicitor General for the State, cited Irwin's Code, sec. 4570; Gibson vs. The State, 35 *Ga. R.*, 224; Brown vs. The State, Ib., 232.

BROWN, C. J.

1. Under sections 4222 and 4257, of the Revised Code, the punishment for burglary in the night, was death, unless the jury recommended the defendant to mercy; in the latter case he was to be punished by confinement in the penitentiary for life. This was the law in existence at the time the crime was committed by the defendant in this case. But prior to the term of the Court, when he was put upon trial, the legislature changed the penalty to imprisonment in the penitentiary for any time, not less than five years nor longer than twenty years.

On the trial, the defendant denied the right of the Court to try and punish him, under the law in existence at the time of the commission of the crime, because the law of the penalty, as it then existed, had been changed and was no longer of force, or under the law in existence at the time of the trial, because it was *ex post facto*. The Court overruled

the objection and put the defendant upon his trial, and the jury found him guilty, but recommended him to mercy, and the Judge sentenced him to the penitentiary for life. That judgment is brought up for review.

Section 4570 of the Revised Code, declares that : " All crimes and offences committed shall be prosecuted and punished under the laws in force at the time of the commission of such crime or offence, notwithstanding the repeal of such laws before such trial takes place. This section of the Code has already been before this Court, in the case of *Gibson vs. The State,* 35 *Ga.*, 224, and it was held that the defendant was to be punished under the law as it existed when the crime was committed. The question is *res adjudicata* and we have no fault to find with the decision.

2. The remaining exception is taken to the ruling of the Court below, in refusing to grant a new trial, on the ground that the verdict was not sustained by the evidence. We overrule this exception. If the evidence was not conclusive it was so clearly and strongly in favor of the guilt of the defendant as to leave no room for a reasonable doubt. He did not even pretend to make an explanation of it. Nor did he produce the slightest evidence to relieve himself from its crushing weight.

Let the judgment be affirmed.