### 15708.  HENDRICKS *v.* THE STATE.

The indictment in this case, which charges embezzlement by a bank officer, was drawn under section 186 of the Penal Code of 1910, and the court erred in giving in charge to the jury section 20 of title XX of the banking laws of 1919 (Ga. L. 1919, p. 216), and charging that the indictment was drawn under the latter section.

DECIDED AUGUST 8, 1924.

Indictment for embezzlement; from Taylor superior court—Judge Munro.  December 4, 1923.

*Gilbert C. Robinson, Jere M. Moore, Brown Marshall, Homer Beeland, O. T. Montfort,* for plaintiff in error.

*W. R. Flournoy, solicitor-general,* contra.

BLOODWORTH, J.  1.  Section 186 of the Penal Code of Georgia provides that any officer of any bank "who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than seven years."  The indictment in this case charged that the defendant did "unlawfully and fraudulently embezzle,

secrete, steal and carry away the sum of $22,581.15, . . which said sum of money so abstracted, secreted, embezzled, and taken was by making false entries on the books of said bank, by uttering and giving checks on said bank, and abstracting sums of money at various times and various amounts during the years 1918, 1919, and 1920, and by making false reports of the money he had and controlled for said bank, and by other means unknown to the grand jurors, all of which was with the intent to embezzle, steal, and fraudulently take and carry away," etc. It will be noted from the above that the real charge in the indictment is that the defendant embezzled a stated amount of money, and that the remainder of the charges are merely descriptive of *how* he embezzled the money; and the indictment was evidently drawn under the code section (186) quoted above. However, the court charged the jury as follows: "The defendant is indicted under the following code section which I will read to you: 'Any officer, director, agent, clerk or employee of any bank, who embezzles, abstracts, or wilfully misapplies any of the monies, funds, securities, or credits of the bank, or who issues or puts forth any certificates of deposit, draws any draft or bill of exchange, makes any acceptance, assigns any note, bond, draft or bill of exchange, mortgage judgments, decrees or executions, or who makes use of the name of the bank in any manner, with intent in either case to injure or defraud the bank, or any person, firm or corporation, or to deceive any officer of the bank or the superintendent of banks, or any examiner, or any person who with like intent aids or abets any such officer, director, agent, clerk or employee in any violation of this section, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than ten years.'" See Banking Laws, Ga. L. 1919, p. 216, art. XX, sec. 20; Park's Penal Code, Supp. (1922), § 202 (t).

We think this charge was error: 1st. Because the section charged is not the one under which the indictment is drawn. 2d. Because it includes matters with which the defendant was not charged in the indictment, and is broader than section 186 of the Penal Code, under which the indictment was drawn. As stated in the notes on page 105 of Park's Banking Laws as amended, section 20 of the banking laws of 1919 "is considerably broader and more comprehensive than section 186 of the Penal Code, and includes wilful

misapplication as well as embezzlement." 3d. Because the section charged was not the law until January 1, 1920 (See Ga. L. 1919, art. 21, sec. 1, p. 222), and the indictment charged the defendant with embezzlement during 1918, 1919, and 1920, and under the evidence some of the alleged acts of embezzlement might have occurred in each of these years. This being true, and the section charged not being retroactive, it could not apply to such unlawful acts as were alleged to have been committed during 1918 and 1919. Under the Penal Code, § 18, "All crimes shall be prosecuted and punished under the laws in force *at the time of the commission thereof,* notwithstanding the repeal of such laws before such trial takes place." (Italics ours.) 4th. Because the maximum punishment under the law charged was ten years, and the maximum punishment *under the law of force during two-thirds of the time* charged in the indictment was only seven years. See *Jordan* v. *State,* 38 *Ga.* 585.

2. As a new trial must follow the foregoing ruling, we will not consider the rulings of which complaint is made in the other grounds of the motion for a new trial, as the precise questions will not likely reappear when the case is again tried.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*