PENNINGTON v. MOORE. et al.

No. 10476.   DECEMBER 12, 1934.

*William G. McRae* and *George G. Finch,* for plaintiff.
*O. C. Hancock,* for defendants.

GILBERT, J.   Mrs. Robert F. Pennington brought a suit against Wiley L. Moore and Wofford Oil Company, based upon the national prohibition act, § 32 (27 U. S. C. A. 98), which provides as follows: "Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages," etc.

The defendants filed a general demurrer, and moved to dismiss the action on the ground that it was barred by the statute of limitations.   The demurrer and the motion were sustained, and the plaintiff excepted.

■ The petition was filed on April 5, 1934, and the suit did not proceed to a final judgment before the repeal of the 18th amendment on December 5, 1933, which impliedly repealed the "national prohibition act" to the extent that its provisions rested upon such amendment.   United States v. Chambers, 291 U. S. 217 (54 Sup. Ct. 434, 89 A. L. R. 1510); Massey v. United States, 291 U. S. 608 (54 Sup. Ct. 532).   Said § 32 did rest upon said amendment, and the law on which the suit was based had ceased to exist at the time of the filing of the suit.   The court did not err in dismissing the petition.

■ The above ruling controls the case, and it is unnecessary to decide the question raised as to the statute of limitations.

*Judgment affirmed.   All the Justices concur.*
ATKINSON, J., concurs in the result.