## 74108. CARDOZA v. THE STATE.
### (358 SE2d 315)

BENHAM, Judge.

Appellant was indicted for and convicted of burglary, simple battery, wearing a mask, and four counts of rape. On appeal, he contends that the rape charges should have been merged into one charge, and that the trial court abused its discretion by permitting the State to use appellant's out-of-court statement during its cross-examination of him before determining whether the statement was given voluntarily.

1. In order to resolve the first issue raised by appellant, it is necessary to examine the evidence with particularity. The victim's testimony at trial, corroborated by physical evidence and, in part, appellant's testimony, showed that, without invitation, appellant entered the victim's second-story apartment round 2:30 a.m. through a sliding glass door after climbing up onto her balcony. Wearing a bag over his head as a mask, appellant tied the victim's hands behind her back with an extension cord he had brought into the apartment, blindfolded her with a towel, took her to a bedroom, ripped her clothing off, and had sexual intercourse with her against her will.

After a short time, appellant arose, went to the kitchen, and returned with a screwdriver. He abused her sexually with the screwdriver for a time, then once again had sexual intercourse with the victim against her will.

That act of intercourse ended when the victim persuaded appellant to permit her to answer the telephone. He followed her to the telephone, in another room, and held a knife to her throat as she answered. After ascertaining that the caller had already hung up, appellant took the victim to a couch in that room and had sexual intercourse with her against her will.

When the telephone rang again, appellant once more was persuaded to allow the victim to answer. Again, the caller had already hung up before appellant permitted the victim to go to the telephone.

After a short interval during which appellant and the victim conversed, appellant put the victim on the floor and had sexual intercourse with her against her will.

Appellant argues that there was but one rape, lasting some 45 minutes, and that he cannot be convicted of the later three because, in effect, the State used up all the evidence to prove a single rape. See *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982). We disagree.

The victim testified with particularity that she suffered four separate rapes by appellant. With regard to each episode of forced sexual intercourse, the victim testified that the elements of the offense of rape occurred. Although appellant contended at trial and contends on appeal that there was one long sexual encounter which was interrupted on three occasions, the jury was authorized to find from the victim's testimony that each episode was a separate and complete offense, that each episode of criminal intercourse had ended and was followed by some other activity before the next episode began. "The . . . crimes charged here were completed one after the other, but are separate and distinct. [Cit.] Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. [Cit.] Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act. [Cit.]" *Talley v. State*, 164 Ga. App. 150 (7) (296 SE2d 173) (1982).

2. During cross-examination of appellant, and over his objection, the State used an out-of-court statement by appellant to impeach his testimony. Appellant had already testified about the circumstances of giving the statement, swearing that he had done so in response to threats by an investigator that if he did not, he would spend the rest of his life in prison. After cross-examination of appellant was concluded, the State recalled the investigator and adduced from his testimony that appellant made the statement freely and voluntarily after being informed of his rights.

"[W]here a prior inconsistent statement is introduced for impeachment purposes only, even though the issue of voluntariness is raised, voluntariness can be shown without resorting to a full blown Jackson-Denno hearing. [Cits.] It is true that in this case evidence of voluntariness was not presented until after the statement was admitted. However, where voluntariness is clear from the record, there is no reversible error in the failure to introduce the evidence of voluntariness before admitting the statement." *Wilson v. State*, 254 Ga. 679 (2) (333 SE2d 589) (1985). The evidence in support of the voluntariness of appellant's statement was sufficient, and we find no error in its use.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 2, 1987.

*Columbus Gilmore*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Richard H. Goolsby, Charles R. Sheppard, Assistant District Attorneys*, for appellee.