## 77404. JIMMERSON v. THE STATE.
### (380 SE2d 65)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the offenses of rape, aggravated sodomy, and child molestation. He appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. The State called an expert witness who, on direct examination, was questioned as to the "indicators" of the child abuse syndrome and whether the victim had exhibited certain of those indicators. This witness testified that "one thing you look for is what we call pseudo-maturity, a child [who] has knowledge beyond her years of sexual activity, sexual language, words for body parts, acts more like an adult than a child on the surface, now, underneath, they have the same emotional age, and maybe even younger than a child of their age." According to the witness, it was necessary "to differentiate between sexual abuse that occurs in a family and sexual abuse that occurs like

this" and the pseudo-maturity that she had observed in the victim was among "the most critical things . . . that [she] saw in terms of" sexual abuse committed by appellant.

On cross-examination, appellant established that the witness had, in the course of her investigation, not only assessed the victim for child abuse "indicators" but had also made an evaluation of the victim's family. The witness testified that "we did find some sexual freedom in this family, and that is why we had the family evaluated by the psychologist, just to be double sure." When appellant attempted to pursue this topic, however, the State objected on the ground that "whatever indicators [its witness] may have found about this family has nothing to do with this case, because [appellant is] not a member of that family unit. . . ." The trial court sustained the State's objection, concluding that the line of questioning concerning the witness' evaluation of the victim's family was irrelevant.

The trial court did, however, grant appellant's request to cross-examine the witness on this topic outside of the presence of the jury. During this proffer, the witness testified that her evaluation had determined that all of the children in the family, with the exception of the victim, had been involved in sexual activity with their former stepfather. In addition, the victim had been taken to a nudist colony by her mother and her current stepfather. The witness was then asked whether the victim's pseudo-maturity might "possibly be attributable to the sexual freedom of her family and the past sexual experiences of her siblings, as opposed to a recent attack?" The witness acknowledged that she had "no doubt" the victim's "indicators could have come from [her family] background" but she had concluded that this was not the case because the victim had given "graphic descriptions of what happened between her and [appellant]." Nevertheless, the witness did ultimately concede that those "indicators" of the child sexual abuse syndrome upon which her direct testimony had been premised "could have come, not from [an] attack [by appellant], but from previous events that [the jury has] been barred from [hearing]."

After this proffer, appellant again urged that cross-examination of the witness concerning her evaluation of the victim's family was relevant and should be heard by the jury. The trial court, however, reiterated its ruling that the line of questioning was irrelevant. Appellant enumerates this ruling as error.

In *Chastain v. State*, 180 Ga. App. 312-313 (2) (349 SE2d 6) (1986), this court held that "[t]he past sexual experience of a child in a case such as this is irrelevant to the issue of whether molestation was committed by the defendant on trial. [Cit.]" The Supreme Court affirmed, noting that the "conviction rests upon the testimony of the parties and does not involve expert testimony or the child abuse syn-

drome." *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987). The present case, however, differs from *Chastain*. Here, unlike in *Chastain*, appellant's conviction *does* rest upon expert testimony regarding the child abuse syndrome as well as upon the testimony of the victim herself, and the restricted cross-examination relates *not* to the credibility of the victim's testimony, but to the credibility of the expert's child abuse syndrome testimony. Thus, here, as in *Villafranco v. State*, 252 Ga. 188, 194 (2) (313 SE2d 469) (1984), appellant was precluded from pursuing a topic which had been introduced into the case by one of the State's principal witnesses. In *Villafranco*, supra at 195 (2), the Supreme Court held that the Rape Shield Law " 'should not be perverted into a license to use questionable or possibly perjurious testimony free from the risk of adverse confrontation. When we condone conduct that erodes the right of impeachment, regardless of who takes the witness stand, we judicially create a weak link in our established purpose of discovering the truth — the object of all legal investigations.' . . . [T]he opposite construction [of the statute] would deprive the [defendant] of [his] constitutional right to confront, cross-examine and impeach the witnesses against [him]. [Cit.]"

The State's expert witness based her direct testimony on certain "indicators" exhibited by the victim which, in the witness' opinion, were indicative of the child sexual abuse syndrome. Thus, the victim's "indicators" were clearly relevant and, on cross-examination, appellant was clearly entitled to pursue that topic and to inquire as to the factual basis for the witness' opinion that the victim had exhibited those "indicators" "in terms of [appellant]." A party "who relies upon the benefit of a [witness'] opinion may not withhold from the jury the facts on which such opinion is based. . . ." *Barton v. State* 81 Ga. App. 810, 812 (1) (60 SE2d 173) (1950). According to the excluded cross-examination of the witness, there was an explanation for the victim's pseudo-maturity "indicator" which was non-inculpatory of child abuse by appellant. Although the witness herself discounted this non-inculpatory explanation, it was for the jury to determine whether the pseudo-maturity "indicator" exhibited by the victim was inculpatory or exculpatory of appellant and, based upon that determination, to evaluate the credibility of the witness' opinion that the victim had exhibited that "indicator" in terms of [appellant]." Without the benefit of the cross-examination, the jury was left with the erroneous impression that there was no other explanation for the victim's "indicators" and the witness' opinion based thereon except the acts attributed to appellant. Under these circumstances, appellant was erroneously denied his statutory right to a thorough and sifting cross-examination and his constitutional right to confront the expert witness who was called against him. See *Villafranco*, supra. Because we cannot say that the error was harmless, a new trial must be held.

2. The trial court sustained the State's objection to appellant's attempt to cross-examine the victim concerning an alleged sexual incident with another man. This ruling is enumerated as error.

In this regard, the holding in *Chastain*, supra, is controlling. The restricted cross-examination was an unauthorized attempt to attack the credibility of the victim's allegations against appellant rather than an authorized attempt to attack the credibility of the expert's child abuse syndrome opinion testimony. The trial court did not err in sustaining the State's objection to the cross-examination of the victim as to the irrelevant topic of her prior sexual experiences with others.

3. Appellant enumerates as error the trial court's jury instruction on the offense of forcible rape, contending that it was an inaccurate statement of the law and confusing to the jurors. A review of the transcript shows, however, that the trial court's instruction was a clear and legally accurate statement of the applicable law. See *Drake v. State*, 239 Ga. 232 (1) (236 SE2d 748) (1977). Accordingly, appellant's enumeration is without merit.

4. Appellant enumerates as error the entry of a judgment of conviction as to the offense of child molestation, urging a merger of that offense into the offense of rape.

" 'In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of [OCGA § 16-1-6], [cits.], (we) "look to the actual evidence introduced at trial . . . (I)f the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under [OCGA § 16-1-6]." [Cit.]' [Cit.]" *Morris v. State*, 179 Ga. App. 228, 229 (6) (345 SE2d 686) (1986). A review of the evidence adduced at trial shows that the jury was authorized to find that appellant fondled the victim and, in an entirely separate incident later that evening, raped her. " '[E]ach of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. [Cit.] Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act. [Cit.]' [Cit.]" *Cardoza v. State*, 183 Ga. App. 170, 171 (1) (358 SE2d 315) (1987).

5. Remaining enumerations of error need not be addressed as they relate to issues that are unlikely to recur at retrial.

*Judgments reversed. Banke, P. J., Birdsong, Sognier, Pope, Benham and Beasley, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent, because I believe that the trial court properly disallowed the proffered cross-examination testimony of the expert witness.

The appellant sought to cross-examine the expert witness on the sexual mores of the victim's family. As found by the trial court, such evidence of sexual mores contrary to the community standards is prohibited by OCGA § 24-2-3, unless (1) the evidence showed that the past behavior directly involved the defendant or (2) the evidence supported an inference that the defendant could reasonably have believed that the victim consented to the conduct complained of in the prosecution. The evidence of the sexual mores of the victim's family here did not directly involve the appellant, and the victim, who was 11 years old, could in no event consent to the sexual attack complained of in the prosecution. Under these circumstances the trial court correctly concluded that the proferred evidence was inadmissible. Nothing in *Chastain v. State*, 257 Ga. 54 (354 SE2d 421) (1987), is contrary to that conclusion.

Furthermore, even if the proferred evidence should have been admitted, the error was harmless, as the evidence of the acts of rape, sodomy, and child molestation was overwhelming. The appellant's convictions should be affirmed.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED FEBRUARY 22, 1989 —
REHEARING DENIED MARCH 14, 1989 —

*Newton & Howell, Griffin E. Howell III*, for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.