## A96A2211. GABLE v. THE STATE.
### (476 SE2d 66)

Judge Harold R. Banke.

Homer Anthony Gable was convicted of rape, aggravated sodomy, aggravated child molestation, and six counts of child molestation. On appeal, he challenges the sufficiency of the evidence, the admission of certain similar transactions, and the court's failure to merge the aggravated child molestation charge and three of the child molestation charges.[1]

The evidence, viewed in the light most favorable to the verdict, revealed that Gable committed rape, aggravated sodomy, aggravated

---

[1] In his first enumeration, Gable raises the "general grounds," leaving us with only the sufficiency of the evidence to review. *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

child molestation, and three counts of child molestation against his daughter. The victims of the remaining three child molestation charges were a niece and the daughter of Gable's brother's live-in girl friend. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

Gable's daughter testified that her father initiated sexual contact with her in the fall of 1991 when she was 12 by asking if he could perform oral sex on her. In return, he agreed to let her drive his car. On that occasion he placed his tongue in her vagina and later inserted his penis. Gable placed his mouth on her vagina two or three more times on different days. He also inserted his fingers several times, touched her breasts, and masturbated in front of her more than once.

The daughter of Gable's brother's live-in girl friend testified that when she was about ten, Gable began to touch her breasts, at first on top of her clothing and later under her clothes. She stated that he once touched her vagina under her clothing. She also testified that she witnessed Gable touch two of his nieces' breasts and vaginas. She stated that Gable told them they would be taken away from their mothers if they told.

Like the other victims, Gable's niece gave a videotaped statement to a police officer. On the videotape, the niece stated that on more than one occasion Gable placed his finger on her vagina. At trial, however, she recanted this statement.

The similar transaction witness, the daughter of Gable's former girl friend, testified that when she was seven or eight Gable began exposing himself to her and several times he forced her to masturbate him and to perform oral sex. She also stated that he touched her vagina a lot of times and had inserted his fingers. In addition, she testified that she witnessed Gable touch his daughter's vagina. She stated that she had not reported Gable's actions because he threatened to hurt her and her family. After this child informed her mother of Gable's actions, charges were brought. The State presented evidence of Gable's plea of guilty to enticing a child for indecent purposes. *Held*:

1. We reject Gable's challenge to the sufficiency of the evidence on the aggravated child molestation count and the three child molestation charges committed against his daughter. The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. at 319-320. The weight of the evidence and witness credibility are not reviewable on appeal. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

The pertinent elements of child molestation are (1) commission of an immoral or indecent act; (2) to or in the presence of or with any

child under the age of 16; (3) with the intent to arouse or satisfy the sexual desires of either the child or the perpetrator. OCGA § 16-6-4 (a). The aggravated child molestation charge required proof of the additional element of sodomy. OCGA § 16-6-4 (c).

The daughter's testimony that Gable sodomized her while they were alone at her grandmother's house is sufficient to establish aggravated child molestation. *Smith v. State*, 210 Ga. App. 634, 636 (2) (c) (437 SE2d 333) (1993). The respective child molestation charges were predicated on touching the child's breasts, vagina, and masturbating in front of her. The child's testimony established the requisite elements of each. See *Salley v. State*, 199 Ga. App. 358, 359 (1) (405 SE2d 260) (1991). Moreover, the similar transaction witness confirmed that she witnessed Gable touch his daughter on more than one occasion. In any event, Georgia law does not require corroboration of a child molestation victim's testimony. *Royal v. State*, 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995).

2. The admission of the similar transaction evidence relating to Gable's conviction for enticing a minor was not error. Before admitting the similar transaction evidence, the trial court satisfied the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The similar transactions involved sexual acts Gable committed on a young girl and were admitted to show identity, course of conduct, bent of mind, and lustful disposition. Moreover, counsel's failure to object to the admission of the similar transaction evidence at trial waived the issue on appeal. *Phillips v. State*, 215 Ga. App. 526, 527 (4) (451 SE2d 517) (1994).

3. We reject Gable's contention that the aggravated child molestation count and the above-described three child molestation charges should have been merged at sentencing. The evidence established that each of these counts was a separate and distinct crime which was completed before Gable perpetrated the next. *Jimmerson v. State*, 190 Ga. App. 759, 762 (4) (380 SE2d 65) (1989). The same conduct was not being punished twice, nor was one crime included in the others so as to bar the separate conviction and punishment for each act. Id.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 16, 1996.

*J. Richardson Brannon*, for appellant.

*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.