A00A2062. SIKES v. THE STATE.
(545 SE2d 73)

BLACKBURN, Chief Judge.

Following a bench trial, Douglas Paul Sikes appeals his convictions of operating a motorcycle without a headlight, driving under the influence of drugs, possession of marijuana with the intent to distribute, possession of a firearm by a convicted felon and two counts of trafficking in methamphetamine. Sikes contends that the trial court erred by denying his motion to suppress the physical evidence and his motion for new trial based upon ineffective assistance of trial counsel. For the reasons set forth below, Sikes' convictions are affirmed.

1. Sikes filed a motion to suppress the drugs found during the

pat-down search conducted by Officer Kinsey, who initiated a traffic stop of Sikes. Sikes contended that the pat-down search of himself and his jacket was illegal. The trial court determined that Officer Kinsey was justified in conducting a pat-down search of Sikes and his jacket, and it denied Sikes' motion to suppress.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations omitted.) *Morgan v. State*.[1]

At the motion to suppress hearing, Officer Kinsey, a trooper with the Georgia Department of Public Safety, testified that he initiated a traffic stop of Sikes because he was driving a motorcycle without operating its headlight in violation of Georgia law. Sikes stopped his motorcycle in a parking lot, got off, took off his jacket, laid it on his motorcycle and walked over to Officer Kinsey's car door, all before Officer Kinsey had finished stopping his vehicle. Officer Kinsey told Sikes to step back, take off his helmet and produce his license. Sikes moved back to the motorcycle. After advising Sikes of the reason for the traffic stop, Officer Kinsey noticed that Sikes' pupils were constricted, which, based on the officer's training, could mean that Sikes was under the influence of drugs. Officer Kinsey was also suspicious that Sikes had taken off his jacket so quickly and moved away from the motorcycle. Officer Kinsey described Sikes' actions as aggressive in that he confronted an officer before he got out of his patrol car.

In the interest of safety, Officer Kinsey conducted a pat-down search of Sikes and his jacket which was within Sikes' reach. Officer Kinsey felt a large bulge in both pockets. Sikes pulled out papers from one pocket then, upon Kinsey's request, pulled papers and an oblong package wrapped in brown duct tape from the other pocket. Officer Kinsey testified that the packaging was consistent with drug packaging with which he was familiar from previous drug seizures. Sikes told the officer that the package contained modeling clay, and the officer asked to see it. Sikes opened the package, and Officer Kinsey suspected it contained crack or methamphetamine. Kinsey handcuffed Sikes and read him the *Miranda* rights.

---

[1] *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

Sikes' roommate, Kevin Brady, arrived at the scene and gave the police permission to search the car he was driving and to search his room. Several officers left the scene and traveled to Sikes' residence which he shared with Brady. While officers searched Brady's room, other officers obtained a search warrant for the entire premises. While executing the warrant, officers found marijuana throughout the house along with a safe containing more marijuana, guns and a large amount of cash and methamphetamine.

In Sikes' motion to suppress, he asserted only that the officer's pat-down search of himself and his jacket was improper.

A reasonable search for weapons for the protection of the police officer[ ] is permitted where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968).

(Punctuation omitted.) *Mashburn v. State*.[2] See also *Edwards v. State*;[3] *Buffington v. State*.[4]

In the present case, Officer Kinsey's uncontradicted testimony indicated that he was concerned about Sikes' aggressive behavior, that he suspected Sikes was under the influence of drugs and that he conducted the pat-down for his safety. The trial court, as the arbiter of credibility of this testimony, determined that Officer Kinsey was justified in believing that he was at risk. The trial court correctly determined that under the circumstances, "a reasonably prudent man . . . would be warranted in the belief that his safety . . . was in danger." *Terry v. Ohio*, supra.

Additionally, the trial court did not err in determining that the search of Sikes' jacket was appropriate. "The key question in all cases remains whether the protective measures taken by the officer were reasonable under the circumstances." (Punctuation omitted.) *Miller v. State*.[5] In the present case, Sikes was within reach of the jacket when Officer Kinsey conducted the pat-down search and Sikes had initially tried to distance himself from the jacket by leaving it on the

---

[2] *Mashburn v. State*, 186 Ga. App. 488, 489 (367 SE2d 881) (1988).
[3] *Edwards v. State*, 239 Ga. App. 44, 45-46 (1) (518 SE2d 426) (1999).
[4] *Buffington v. State*, 229 Ga. App. 450, 451-452 (494 SE2d 272) (1997).
[5] *Miller v. State*, 221 Ga. App. 494, 496 (471 SE2d 565) (1996).

motorcycle. See *Ammons v. State*[6] (officer justified in search of passenger and his jacket after passenger acted suspiciously with regard to the jacket).

2. Sikes contends that his trial counsel was ineffective because he did not attempt to suppress the evidence found in Sikes' home as a result of a search warrant. Sikes contends that the search warrant was improper because the affidavit supporting the warrant was insufficient.

> The Sixth Amendment to the U. S. Constitution guarantees a criminal defendant the right to effective assistance of counsel. In order to show ineffective assistance of counsel, [Sikes] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(Citation and punctuation omitted.) *Green v. State*.[7]

In explaining his decision to contest the pat-down search and not the search warrant for Sikes' house, Sikes' trial counsel testified that "my strategy [was] that much of the information — substantially all of the information and reasons that they went into that house was based on the results of that [pat-down] search. That was the position. So if that fell, everything else was going to fall."

> The fact that [Sikes] and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [Sikes] received representation amounting to ineffective assistance of counsel. This is true even if trial counsel's tactics or strategy may have been unwise. Further, a trial court's finding that [Sikes] had been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous; the trial court's findings were not clearly erroneous.

(Citations and punctuation omitted.) *Hudson v. State*.[8]

Because Sikes failed to show that his trial counsel's actions fell below an objective standard of reasonableness, the trial court did not

---

[6] *Ammons v. State*, 172 Ga. App. 235, 236 (322 SE2d 543) (1984).
[7] *Green v. State*, 240 Ga. App. 650, 652 (3) (523 SE2d 632) (1999).
[8] *Hudson v. State*, 234 Ga. App. 895, 900 (3) (b) (508 SE2d 682) (1998).

err in denying his motion for new trial.
*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 23, 2001 —
RECONSIDERATION DISMISSED FEBRUARY 7, 2001.

*Henderson & Evansiates, Daniel L. Henderson,* for appellant.
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Maria B. Golick, Assistant District Attorneys,* for appellee.