A01A0261. TROTTER v. THE STATE.

(546 SE2d 286)

JOHNSON, Presiding Judge.

Garry Wayne Trotter was charged and convicted on two counts: Count 1 charged him with rape, and Count 2 charged him with sexual battery. Trotter contends the trial court erred in sentencing him on the rape conviction because the verdict of guilty on the sexual battery charge operates as an exoneration and acquittal on the rape charge. He further contends the trial court erred in allowing the state to present hearsay allegations of additional crimes. Because we find that under the facts of this case Trotter committed both rape and sexual battery, and because Trotter did not raise his hearsay objections at trial, we affirm Trotter's convictions.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Trotter touched the victim's breast with his hand. The victim told him to leave her alone. Trotter then touched the victim's vagina with his hand. Once again, the victim told him to leave her alone and threatened to hit Trotter with a hairbrush. Trotter took the hairbrush from the victim, pinned her hands behind her back, and pushed her onto a sofa. Trotter then pulled the victim's pants down below her knees, pulled his penis out of his pants, and placed it inside the victim's vagina. The victim kept telling Trotter to stop and get off her, but he did not. The victim's sister, who was outside the apartment, heard the victim's cries for Trotter to get off of her. When she opened the apartment door, she saw Trotter on top of her sister.

Trotter contends that sexual battery is a lesser included offense of rape and that the verdict of guilty on the sexual battery charge operates as an exoneration and acquittal on the rape charge. We disagree. The offenses of sexual battery and rape in this case were two

separate and distinct offenses.

Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all the facts used to prove the other.[1] A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate body parts of another person without the consent of that person.[2] A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will.[3]

The evidence in the present case establishes that both of these offenses occurred. When Trotter touched the victim's breast and vagina without her consent, the crime of sexual battery had been committed. He committed rape shortly thereafter when he pinned the victim's hands behind her back, pushed her onto the sofa, pulled her pants down, and inserted his penis into her vagina without her consent. "The same conduct was not being punished twice, nor was one crime included in the other[ ] so as to bar the separate conviction and punishment for each act."[4] Since evidence of neither offense was necessary to prove the other, there was no merger. The trial court did not err in sentencing Trotter for both convictions.

2. Trotter contends the trial court erred in admitting testimony which was hearsay and impermissibly placed his character into evidence. However, Trotter did not raise these objections in the trial court. Thus, he has waived his right to challenge the testimony on these grounds.[5]

The record shows that in both instances raised by Trotter, the state asked proper questions of two different witnesses. The witnesses' responses, however, were lengthy. We need not decide whether the responses included hearsay or whether they impermissibly placed Trotter's character into evidence because Trotter's only objection to the testimony in both instances was that the witness was rambling and not responsive to the question. In both instances, the state rephrased the question and testimony continued.

"It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial."[6] In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific

---

[1] See *Solomon v. State*, 195 Ga. App. 882, 883 (2) (395 SE2d 335) (1990).

[2] OCGA § 16-6-22.1 (b).

[3] OCGA § 16-6-1 (a) (1).

[4] (Citation omitted.) *Gable v. State*, 222 Ga. App. 768, 770 (3) (476 SE2d 66) (1996); *Jimmerson v. State*, 190 Ga. App. 759, 762 (4) (380 SE2d 65) (1989).

[5] See *Thomas v. State*, 224 Ga. App. 816, 818 (4) (482 SE2d 472) (1997); *Cooper v. State*, 188 Ga. App. 297-298 (1) (372 SE2d 679) (1988).

[6] (Citations and punctuation omitted.) *Carradine v. State*, 234 Ga. App. 330, 331 (506 SE2d 688) (1998).

ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.[7] Accordingly, this issue has not been preserved for appellate review.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 20, 2001.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.

---

[7] See *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991).