## A01A1644. ABERNATHY v. THE STATE.
(556 SE2d 859)

RUFFIN, Judge.

A jury found Jerry Levern Abernathy guilty of two counts of first degree forgery.[1] Abernathy's convictions stem from two checks, drawn on the account of his former employer, which, the jury found, he forged and gave to acquaintances to negotiate. Abernathy appeals, asserting that the State improperly placed his character in evidence, that the trial court erred in charging the jury and in sentencing him as a recidivist, and that he received ineffective assistance of counsel. For reasons that follow, we affirm.

1. In his first enumeration of error, Abernathy asserts that the trial court "erred in not sua sponte granting a mistrial when a State's witness put [his] character into evidence by stating that [he] had been in prison." We are aware of no authority — and Abernathy has not cited any — that requires a trial court to take such action, sua sponte. Because Abernathy failed to object to the testimony at trial, he has waived the issue for appeal.[2] Furthermore, the trial court's failure to grant a mistrial does not constitute plain error.[3] In *Paul v.*

---

[32] *Bagwell v. State*, supra at 179 (1) (f).

[1] Abernathy was also charged with burglary, but the trial court directed a verdict in his favor on this count.

[2] *Trotter v. State*, 248 Ga. App. 156, 157 (2) (546 SE2d 286) (2001).

[3] Cf. *Barnett v. State*, 178 Ga. App. 685, 686 (1) (344 SE2d 665) (1986) (ruling that the defendant's failure to object to inadmissible character evidence constituted waiver, but that defendant could still assert substantial error under OCGA § 5-5-24 (c) in court's failure to *give curative instruction*). In this case, Abernathy does not assert substantial error in the trial court's charge.

*State*,[4] the Supreme Court of Georgia limited application of the plain error rule to death penalty cases and other criminal cases where the trial court violates OCGA § 17-8-57 by improperly expressing its opinion as to the guilt of the accused. This is not such a case.

2. Abernathy next asserts that the trial court erred in charging the jury that a witness can be impeached by evidence that the witness committed a crime of moral turpitude. Abernathy argues that the instruction was erroneous because there was no evidence that any of the witnesses were ever convicted of such a crime. Although we agree that the court erred, we do not find that Abernathy was prejudiced by the charge.

The instruction was part of the court's broader charge on the methods of impeachment and the credibility of witnesses. The court did not emphasize the charge on crimes of moral turpitude, and it informed the jurors that it was for them to determine whether a witness had been impeached. Our Supreme Court has ruled that "giving . . . an unauthorized charge on an unavailable method of impeachment is generally harmless error."[5] In light of this general rule, and considering the instructions as a whole, it was highly improbable that the error contributed to the verdict. The court's error was, thus, harmless.[6]

3. Abernathy also asserts that the trial court erred in instructing the jury that he could not be found guilty on bare suspicion. The record reveals, however, that the court gave this charge in response to Abernathy's written request, and Abernathy is, therefore, estopped from asserting that the court erred in giving the instruction.[7] Furthermore, considering the beneficial language of the charge, and in light of the court's other instructions that Abernathy was presumed innocent and that it was the State's burden to prove his guilt beyond a reasonable doubt, we fail to see how he was prejudiced.[8]

4. Abernathy also claims that the trial court erred in sentencing him as a recidivist because the State failed to provide him with notice of the offenses it intended to use as evidence of recidivism.[9] But Abernathy concedes in his appellate brief that "the State may

---

[4] 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000). See also *Pittman v. State*, 273 Ga. 849, 850, n. 2 (546 SE2d 277) (2001).

[5] *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995).

[6] *Hardy v. State*, 240 Ga. App. 115, 119-120 (6) (522 SE2d 704) (1999).

[7] *Bryant v. State*, 271 Ga. 99, 101 (4) (515 SE2d 836) (1999).

[8] See generally *Whiting v. State*, 269 Ga. 750, 752 (2) (a) (506 SE2d 846) (1998) (finding that trial court "fairly instructed the jury on the State's burden, as well as that facts and circumstances merely casting grave suspicion upon the defendant or merely raising speculation or conjecture of the defendant's guilt would not authorize conviction").

[9] See OCGA § 17-10-2 (a) (providing that "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible").

have furnished notice of intent to seek recidivist punishment when it filed its responses to trial counsel's motions." In fact, the record contains a disclosure certificate, filed by the State, that includes a certificate of service to Abernathy's counsel and shows that the State provided the required notice. Under these circumstances, we find no error.[10]

5. In his final enumeration of error, Abernathy contends that he received ineffective assistance of trial counsel. To establish that trial counsel was ineffective, Abernathy "must show that his attorney's performance was deficient and that the deficiency prejudiced him such that a reasonable probability exists that, but for the attorney's errors, there would have been a different outcome at trial."[11] We must uphold the trial court's finding that Abernathy received effective assistance of counsel unless that finding is clearly erroneous.[12]

(a) Abernathy first claims that trial counsel was ineffective because he insufficiently questioned prospective jurors during voir dire, did not efficiently use the defense's peremptory strikes, and failed to assert a *Batson* challenge at the conclusion of voir dire. At the hearing on the motion for new trial, however, Abernathy's new attorney did not ask trial counsel about these matters, and "[i]n the absence of testimony to the contrary, counsel's actions are presumed strategic."[13] Because counsel's strategic decisions do not amount to ineffective assistance, we find no clear error by the trial court.[14]

(b) Abernathy also asserts that trial counsel was inadequately prepared for trial because he failed to interview certain witnesses and spoke with others only briefly after the trial commenced. Abernathy has not shown, however, that counsel's performance prejudiced his defense, and absent such showing, the trial court did not clearly err in finding counsel effective.[15]

---

[10] See *Washington v. State*, 216 Ga. App. 352, 354 (3) (454 SE2d 214) (1995).

[11] *Butler v. State*, 273 Ga. 380, 384 (10) (541 SE2d 653) (2001).

[12] See *Sikes v. State*, 247 Ga. App. 855, 858 (2) (545 SE2d 73) (2001).

[13] (Punctuation omitted.) *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001).

[14] See id.; *Butler*, supra at 384-385; *Sikes*, supra; see also *Reynolds v. State*, 234 Ga. App. 884, 888 (4) (a) (508 SE2d 674) (1998) (counsel's strategic decision to not exercise peremptory strikes did not constitute ineffective assistance); *Butts v. State*, 273 Ga. 760, 765 (8) (546 SE2d 472) (2001) (same; counsel decided not to ask certain questions on voir dire); *Polk v. State*, 225 Ga. App. 257, 259 (1) (d) (483 SE2d 687) (1997) (same; counsel decided not to assert *Batson* challenge).

[15] See *Butler*, supra at 385 (10) (d) (ruling that counsel's "failure to employ certain evidence cannot be deemed prejudicial to the defendant in the absence of a showing that the evidence would have been relevant and favorable to the defendant"); *Mitchell v. State*, 242 Ga. App. 177, 182 (4) (d) (529 SE2d 169) (2000) (defendant claimed insufficient preparation but did not show that "but for counsel's failure to interview . . . eyewitnesses . . . he would have been acquitted").

(c) Abernathy next asserts that trial counsel was ineffective because he failed to question certain witnesses about their drug use. Counsel explained at the new trial hearing that he decided not to question the witnesses about drugs because it would not have benefitted Abernathy. As counsel's decision was strategic, we find no clear error in the trial court's ruling on this ground.[16]

(d) Likewise, counsel testified at the new trial hearing that his decision to not object to the character evidence discussed in Division 1 stemmed from a strategy to minimize the jurors' attention to the evidence. The trial court, therefore, did not clearly err in rejecting Abernathy's ineffectiveness claim on this ground.[17]

(e) Finally, Abernathy asserts that counsel was ineffective in failing to object to the court's recidivist sentencing on the grounds that: (1) the State failed to provide adequate notice and (2) counsel neglected to discuss the ramifications of such sentencing with him. We addressed the first ground in Division 4, where we found sufficient evidence that the State properly notified Abernathy it would be seeking recidivist punishment. Considering such evidence, the trial court was authorized to impose recidivist sentencing, and Abernathy's attorney was not ineffective for failing to object.[18] As for Abernathy's second argument, counsel's failure to apprise him of the consequences of being a repeat offender does not constitute ineffective assistance of counsel.[19]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 29, 2001.

*Derek H. Jones,* for appellant.
*Patrick H. Head, District Attorney, Timothy B. Lumpkin, Dana J. Norman, Assistant District Attorneys,* for appellee.

---

[16] See *Mitchell,* supra at 182 (4) (c); see also *Butler,* supra at 384-385 (10) (a).
[17] See *Riser v. State,* 222 Ga. App. 348, 349 (474 SE2d 632) (1996).
[18] See *Butler,* supra at 384.
[19] See *Gary v. State,* 244 Ga. App. 577, 578 (536 SE2d 220) (2000).